Mary H. Haas (CA SBN 149770)
    maryhaas@dwt.com
John D. Freed (CA SBN 261518)
    jakefreed@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599

Frederick B. Burnside (CA SBN 211089)
    fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

Attorneys for JPMorgan Chase Bank, N.A.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>**PETER SZANTO**,<br><br>                    **Debtor.** | Case No. 22-bk-01558-CL11<br><br>**JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(1) AND FOR *IN REM* RELIEF UNDER 11 U.S.C. § 362(d)(4)** |

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION .......................................................................................... 1

II.  FACTUAL BACKGROUND......................................................................... 2

    A.   The Loan and the Property. .................................................................. 2

    B.   Szanto's Prior Bankruptcies and History of False Statements............. 3

    C.   Szanto's Default and His Claims Against Chase. ................................. 4

    D.   The Foreclosure. ................................................................................... 4

    E.   Szanto's Repeated Attempts to Frustrate Foreclosure. ........................ 6

    F.   This Bankruptcy. .................................................................................. 9

III. ARGUMENT ................................................................................................. 9

    A.   Szanto's Current Filing is in Bad Faith, Justifying Relief From
        Stay Under 11 U.S.C. § 362(d)(1)....................................................... 10

    B.   The Court Should Grant *In Rem* Relief Under
        11 U.S.C. §§ 362(d)(4). ...................................................................... 12

IV.  CONCLUSION............................................................................................. 18

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aniel v. HSBC Bank USA, NA*,
  633 B.R. 368 (N.D. Cal. 2021) ............................................................................. 16

*In re 5th Street Parking LLC*,
  2020 WL 424576 (Bankr. S.D.N.Y. 2020) .......................................................... 16

*In re Aguilar*,
  2014 WL 6981285 (9th Cir. B.A.P. 2014) ........................................................... 10

*In re Alakozai*,
  499 B.R. 698 (9th Cir. BAP 2013) ........................................................... 12, 13, 16

*In re Arnold*,
  806 F.2d 937 (9th Cir. 1986) ................................................................................. 9

*In re Blas*,
  614 B.R. 334 (Bankr. D. Alaska 2019) ........................................................... 10, 11

*In re Gibson*,
  355 B.R. 807 (Bankr. E.D. Cal. 2006) ................................................................. 11

*In re Gilliam*,
  2005 WL 6960202 (9th Cir. B.A.P. 2005) ........................................................... 11

*In re Jimenez*,
  613 B.R. 537 (9th Cir. BAP 2020) ....................................................................... 13

*In re Lee*,
  497 B.R. .............................................................................................................. 13

*In re Mense*,
  509 B.R. 269 (Bankr. C.D. Cal. 2014) ........................................................... 10, 11

*In re O'Farrill*,
  569 B.R. 586 (Bankr. S.D.N.Y. 2017) ................................................................. 16

*In re Peter Szanto*,
  D. Or. Bk. No. 16-33185-pcm7 ..................................................................... 2, 4, 5

ii

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

*In re Rub*,
   1990 WL 1239790 (Banrk. D. N.D. 1990) ........................................................... 11

*In re Singh*,
   551 B.R. 54 (Bankr. E.D. Cal. 2016) ....................................................................... 9

*In re Szanto*,
   2012 WL 1329435 ..................................................................................................... 2

*In re Szanto*,
   2015 WL 6872473 (D. Nev. 2015) .................................................................... 3, 13

*In re Szanto*,
   2020 WL 6531913 (D. Or. 2020) ............................................................................ 14

*In re Szanto*,
   703 Fed. App'x 581 (9th Cir. 2017) (mem. op.) ................................................. 14

*In re Szanto*,
   BAP No. OR-20-1106-TLB, 2021 WL 1329435 (9th Cir. B.A.P.
   April 1, 2021) ................................................................................... 2, 4, 14

*In re Szanto*,
   Case No. 13-51261-gwz, Dkt. 268 (D. Nev. 2014) .............................................. 3

*In re Szanto*,
   Case No. 16-33185-pcm7 (Bankr. D. Or.) ........................................................... 14

*In re Szanto*,
   Case No. 8:13-bk-11148-CB, Dkt. 87 (C.D. Cal. 2013) ............................... 3, 13

*In re Thirtieth Place, Inc.*,
   30 B.R. 503 (9th Cir. B.A.P. 1983) ....................................................................... 10

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ..................................................................................... 2

*Rundgren v. Wash. Mut. Bank, FA*,
   760 F.3d 1056 (9th Cir. 2014) ................................................................................... 3

*Szanto v. JP Morgan Chase Bank, NA*,
   Case No. 3:18-cv-939-SI (D. Or.), Dkt. 98...................................................*passim*

iii

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

*Szanto v. JPMorgan Chase Bank, NA*,
Case No. 3:18-cv-939 (D. Or.), Dkt. 126 ........................................................ 8, 9

*Szanto v. Quality Loan Serv.*,
C.D. Cal. No. 8:21-cv-01948-JLS-DFM ........................................................ 6, 15

*Szanto v. United States Trustee's Office*,
Case No. 20-36086 (9th Cir.), Dkt. 19............................................................ 4, 8

**Statutes**

11 U.S.C.
§ 362(a)(4)................................................................................................................. 1
§ 362(d)(1) ....................................................................................... 1, 9, 10, 16
§§ 362(d)(4) .......................................................................................... 9, 12, 13, 16
§ 362(d)(4)(B) ................................................................................................ 12

California Code of Civil Procedure § 904.1 ............................................................. 8

iv

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Creditor JPMorgan Chase Bank, N.A. seeks (1) an order terminating the automatic stay for cause because debtor Peter Szanto—a serial and vexatious litigant in California and in the Ninth Circuit—filed this bankruptcy in a bad faith attempt to frustrate foreclosure, and (2) *in rem* relief to bar further efforts to use the bankruptcy courts to stall foreclosure.  Szanto defaulted on his Loan from Chase *thirteen years* ago.  His default remains uncured, and he owes Chase more than $2 million on a Loan secured by a Deed of Trust on a Property in Newport Beach.  To avoid foreclosure of the Property, Debtor has filed at least four bankruptcy petitions, one adversary claim, one civil lawsuit, a petition for a temporary restraining order in a pending probate matter, and dozens of motions in any forum willing to entertain them.  He filed this petition on June 10, 2022, within *ninety minutes* after the Ninth Circuit denied his "emergency" request to stay the scheduled June 13 foreclosure, and *minutes* after the District of Oregon denied a similar request.  All the while, Szanto's 2016 District of Oregon bankruptcy *remains pending*, after the Bankruptcy Court converted his Chapter 11 case to Chapter 7 due to Szanto's repeated false statements.  He has successfully thwarted foreclosure for over a decade.  The Court should terminate the stay and provide *in rem* relief for the following reasons:

*First*, under 11 U.S.C. § 362(d)(1), Szanto filed his current petition in bad faith, justifying relief from stay.

*Second*, the Court should award *in rem* relief under 11 U.S.C. § 362(a)(4) because Szanto has engaged in a scheme to hinder and delay foreclosure through the filing of multiple bankruptcy petitions and serial frivolous litigation.  This relief would bar Szanto from obtaining an automatic stay in connection with the Property for a two-year period.

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

1    The Court should end Szanto's misuse of the bankruptcy system and allow

2    Chase to enforce its security interest in the Property.

3    ## II.    FACTUAL BACKGROUND

4    Szanto is a serial and vexatious litigant, subject to pre-filing review in the

5    Ninth Circuit and in the state of California.  *See In re Szanto*, BAP No. OR-20-

6    1106-TLB, 2021 WL 1329435, *6-*7 & n. 10 (9th Cir. B.A.P. April 1, 2021); *see*

7    *also* https://www.courts.ca.gov/documents/vexlit.pdf.  "Szanto is not an ordinary

8    pro se debtor.  This is his [fourth] bankruptcy case; he has a master's degree in

9    business administration with a specialty in accounting and a law degree; and he is a

10    serial litigant and a party to at least fifteen cases nationwide."  *In re Szanto*, 2012

11    WL 1329435 at *1 n.2.  The factual and procedural background of this case is

12    complex, reflecting Szanto's decision to litigate in several forums over several years

13    in his attempt to avoid paying his debt to Chase.

14    ### A.    The Loan and the Property.

15    In October 2003, Szanto obtained a loan from Washington Mutual Bank, FA

16    ("WaMu") in the amount of $1,000,000.00 ("Loan"), secured by a deed of trust

17    against property located at 11 Shore Pine Drive in Newport Beach, California.

18    Freed Dec. ¶ 9 & Ex. 8 (attaching *In re Peter Szanto*, D. Or. Bk. No. 16-33185-

19    pcm7, Claim 6-1);[1] *see also* Dkt. 1-2 at 9 (listing chase as a secured creditor).  In

20    2008, after WaMu failed and was taken into FDIC receivership, Chase acquired

21    WaMu's assets from the FDIC.  *See* Freed Dec. ¶ 10 & Ex. 9 (attaching *Szanto v.*

---

[1] For docket entries not available on Westlaw, Chase attaches documents to the concurrently-filed declaration of Jake Freed.  Initial citations will provide the case number and docket number; subsequent citations will cite only the Freed declaration.  All of the documents are publicly-available documents subject to judicial notice.  *See*, *e.g. Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the court "may take judicial notice of court filings and other matters of public record").

2

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

1  *JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 98) at 10; *see*

2  *also Rundgren v. Wash. Mut. Bank, FA,* 760 F.3d 1056, 1059 (9th Cir. 2014).

3        **B.**     **Szanto's Prior Bankruptcies and History of False Statements.**

4        Szanto's District of Oregon bankruptcy petition (which remains pending) was

5  his third such petition. Szanto previously filed bankruptcy petitions in the District

6  of Nevada and the Central District of California, both of which were dismissed

7  without a discharge, and the latter of which included a six-month bar on subsequent

8  bankruptcy petitions. *See* Freed Dec. ¶ 11 & Ex. 10 (attaching *In re Szanto*, Case

9  No. 8:13-bk-11148-CB, Dkt. 87 (C.D. Cal. 2013)); Freed Dec. ¶ 12 & Ex. 11

10  (attaching *In re Szanto*, Case No. 13-51261-gwz, Dkt. 268 (D. Nev. 2014)). In the

11  Nevada bankruptcy, Szanto persuaded the bankruptcy court to approve a purported

12  "settlement" between himself and Chase which was actually a letter "informing

13  [Szanto] of an impending adjustment of his monthly payments on his adjustable-

14  rate mortgage." *In re Szanto*, 2015 WL 6872473, *1 (D. Nev. 2015). The letter

15  was not a settlement agreement, was never signed by Chase, and Szanto never

16  served Chase with the motion to approve the "settlement," so the bankruptcy court

17  set aside its approval. *Id.* After Szanto appealed, the district court affirmed,

18  remarking that the letter "was not an offer of compromise but an informational

19  letter indicating the status of Appellant's mortgage. There is no language of

20  compromise whatsoever in the Letter, or even any acknowledgment of any dispute

21  to be compromised." *Id.* at *2. The district court admonished Szanto's "history of

22  filing false documents (settlements and notices of plan confirmation) in the

23  bankruptcy court." *Id.* at *3.

24        In his District of Oregon bankruptcy, after converting his case to a Chapter 7,

25  the bankruptcy court denied Szanto discharge, in part because he made materially

26  false statements in his bankruptcy filings, and in part because the court found

27  Szanto in contempt for refusing to sign forms necessary for the trustee to obtain

28

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

estate property Szanto had transferred abroad in violation of the bankruptcy court's orders. *In re Szanto*, 2021 WL 1329435, *3-*5 & n.7 (9th Cir. B.A.P. 2021). In affirming the bankruptcy court's denial of discharge, the Bankruptcy Appellate Panel stated "Szanto made numerous knowing, fraudulent, and materially false oaths in his Schedules, SOFA, MORs, and in his meeting of creditors testimony…. The bankruptcy court's determination that Szanto knowingly and fraudulently withheld financial information…is abundantly supported by the record." *Id.*

### C.    Szanto's Default and His Claims Against Chase.

Szanto defaulted on the Loan in 2009. Freed Dec. ¶ 10 & Ex. 9 at 16-20 (affirming the bankruptcy court's acceptance of Chase's secured claim in the underlying bankruptcy); *see also* Freed Dec. ¶ 9 & Ex. 8.

In January 2016, after being in default on his loan for several years, Szanto filed his bankruptcy petition in the District of Oregon and then filed an adversary proceeding against Chase. *See generally* Freed Dec. ¶ 10 & Ex. 9 at 4-7. Szanto's Second Amended Complaint alleged that as part of settling a previous lawsuit against Chase (related to investment losses in WaMu securities), Chase and Szanto agreed to reduce the total amount owed on his loan to $1,000,000. *See id.* at 9-10.

Chase moved to dismiss the adversary proceeding, and the bankruptcy court dismissed Szanto's claims with prejudice for failure to state a claim. On appeal, the District Court agreed, reasoning that on its face, the 2012 settlement agreement between Szanto and Chase unambiguously did not compromise his Loan to $1,000,000. *Id.* at 12. Szanto appealed that affirmance to the Ninth Circuit, and his opening brief is due on July 1, 2022. Freed Dec. ¶ 13 & Ex. 12 (attaching *Szanto v. United States Trustee's Office*, Case No. 20-36086 (9th Cir.), Dkt. 19).

### D.    The Foreclosure.

In the District of Oregon bankruptcy, Chase obtained relief from the bankruptcy stay, and the bankruptcy trustee abandoned the property securing

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

Szanto's Loan as an asset of the bankruptcy estate. *See* Freed Dec. ¶ 14 & Ex. 13 (attaching *In re Peter Szanto*, D. Or. Bk. No. 16-33185-pcm7, Dkt. 1225 (Order denying Szanto's motion to void the recorded notice of default and notice of sale)). As a result, in September 2021, the Trustee of the Deed of Trust recorded and served a Notice of Default, and on December 9, 2021, recorded a Notice of Trustee's sale, setting a sale for January 10, 2021. *See id.*[2] The bankruptcy court denied Szanto's motion to vacate those notices. *Id.*

Szanto next sought to delay foreclosure by use of the mortgage assistance review process. He submitted an application for mortgage assistance in October 2021, but that application was not complete until December 22, 2021—a fact about which Chase and the Trustee of the Deed of Trust promptly informed Szanto. *See* Freed Dec. ¶ 15 & Ex. 14 (attaching *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 111). After Szanto provided a complete application, the Trustee postponed the scheduled sale to February 14, 2022 and informed Szanto of the postponement. *See id.*; *see also* Freed Dec. ¶ 16 & Ex. 15 (attaching *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 112).[3] On January 6, 2022, Chase informed Szanto of the result of his application for mortgage assistance. Freed Dec. ¶¶ 17-18 & Exs. 16-17 (attaching

---

[2] Szanto's latest filing—an ex parte motion in this Court for a declaration that the stay remains in effect, Dkt. 14—blames Chase for not foreclosing earlier, but ignores that (1) Szanto sought reinstatement of the stay; (2) Szanto sought mortgage assistance; and most importantly (3) the COVID-19 pandemic arose, delaying foreclosures nationwide.

[3] The trustee's sale has since been rescheduled as a result of Szanto's other filings, discussed below. Most recently, the sale was scheduled for June 13, 2022. *See*, *e.g.*, Freed Dec. ¶ 20 & Ex. 19 (attaching *Szanto v. JP Morgan Chase Bank, NA*, Case No. 3:18-cv-939-SI (D. Or.), Dkt. 124 (Szanto's motion reciting the scheduled foreclosure date)).

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

1  *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 116

2  & Dkt. 116-1).

3          **E.      Szanto's Repeated Attempts to Frustrate Foreclosure.**

4          Before moving in the District of Oregon (three times) to enjoin aspects of the

5  Trustee's sale, Szanto sought aid of the District of Oregon bankruptcy court,

6  seeking to "void" the Trustee's recorded notices.  *See* Freed Dec. ¶ 14 & Ex. 13.

7  The bankruptcy court denied Szanto's request.  *Id.*  Undeterred, Szanto filed a new

8  case in the Central District of California against the Trustee (but not Chase) seeking

9  to "expunge" the recorded documents.  Freed Dec. ¶ 19 & Ex. 18 (attaching docket

10  in *Szanto v. Quality Loan Serv.*, C.D. Cal. No. 8:21-cv-01948-JLS-DFM).  After

11  requiring Szanto to file a cognizable claim, the Court required Szanto to show cause

12  why it should not dismiss his case for failing to serve the defendant.  *Id.*  That case

13  remains pending, and Chase suspects Szanto will seek emergency injunctive relief

14  there if he fails in his other efforts to stymie foreclosure.

15          Szanto filed his first motion to prevent foreclosure in the District of Oregon

16  on January 3, 2022, contending he needed emergency relief because the Trustee did

17  not record its notice of postponement.  Freed Dec. ¶ 21 & Ex. 20 (*Szanto v. JP*

18  *Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 109).  After

19  Chase responded—explaining there is no requirement to record a postponement

20  notice and there was no likelihood of success on the merits, Freed Dec. ¶ 22 &

21  Ex. 21 (attaching *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI

22  (D. Or.), Dkt. 110)—Szanto withdrew his motion. Freed Dec. ¶ 23 & Ex. 22

23  (attaching *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.),

24  Dkt. 113).

25          His second motion sought to "enjoin[] Chase's foreclosure efforts during the

26  Appeal."  Freed Dec. ¶ 24 & Ex. 23 (attaching *Szanto v. JP Morgan Chase Bank,*

27  *NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 114) at 5.  Szanto admitted his motion

28

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**Davis Wright Tremaine** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

1  sought leverage in his decade-plus attempt to reduce his debt to Chase, stating an
2  injunction "aids, motivates and empowers both sides towards speedily concluding
3  and agreeing to a loan modification, compromise, and settlement." *Id.*; *see also id.*
4  at 4 ("[R]estraint of foreclosure…provid[es] Appellees good motivation to attempt
5  to fashion at least an interim compromise to this dispute.").  The district court
6  denied that motion, rejecting each of the bases Szanto advanced as to likelihood of
7  success on the merits.  Freed Dec. ¶ 25 & Ex. 24 (attaching *Szanto v. JP Morgan*
8  *Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 120).

9          The next day, on February 9, 2022, Szanto filed an "emergency" motion
10 asking the district court to stay foreclosure so he could request to the Ninth Circuit
11 to stay the appeal.  Freed Dec. ¶ 26 & Ex. 25 (attaching *Szanto v. JP Morgan Chase*
12 *Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 121) at 3.  In addition, Szanto
13 claimed to have new funding to refinance his debt. *Id.* at 4.  The same day (before
14 Chase had an opportunity to oppose the request), the district court granted Szanto's
15 request and stayed foreclosure for 14 days.  Freed Dec. ¶ 27 & Ex. 26 (attaching
16 *Szanto v. JP Morgan Chase Bank, NA,* Case No. 3:18-cv-939-SI (D. Or.), Dkt. 122).
17 Szanto did not use the 14 days to file a motion with the Ninth Circuit, nor did he
18 refinance his debt.

19         What Szanto did not tell the district court—or Chase—was that
20 simultaneously with his request for an emergency stay in the District of Oregon,
21 Szanto was pursing an ex parte temporary restraining order in a California probate
22 court, where Szanto acts as the administrator of his late wife's estate. *See* Freed
23 Dec. ¶ 3 & Ex. 2 (attaching Szanto's Proof of Service of Order); *see also* Freed
24 Dec. ¶ 2 & Ex. 1 (attaching the California probate docket).  Szanto first sought that
25 ex parte relief on February 4, 2022, and he obtained an order restraining the sale
26 until April 27, 2022, when the California probate court would "decide[]…the
27 validity of the foreclosure." *Id.*  He only named and served the trustee of the Deed

28

---

7

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

of Trust in that action (not Chase), and obtained the TRO on the basis of a false representation that he had a pending application for loan modification. *See id.* He then caused the probate court to extend the TRO by falsely representing that the second-position lienholder on the Property had paid off Szanto's debt to Chase. After 3.5 months of litigation over the propriety of injunctive relief, the probate court denied Szanto's request to extend its evidentiary hearing, and the TRO expired. Szanto has tried to appeal the probate court's minute order denying his request for continuance and setting a hearing for June 9, 2022, but that appeal is frivolous and is not an appeal of a final order. *See* Freed Dec. ¶ 7 & Ex. 6 (attaching Szanto's notice of appeal); *see also* Cal. Code Civ. Proc. § 904.1 (listing appealable orders). Nevertheless, on June 7, 2022, Szanto filed an "emergency" motion in his appeal from the non-final California probate court order, asking the California Court of Appeal to vacate the scheduled sale. Freed Dec. ¶ 8 & Ex. 7 (attaching the "emergency" motion). The California Court of Appeal denied that motion, while simultaneously staying the appeal to determine whether it could proceed in light of Szanto's vexatious litigant status and the apparent non-appealability of the probate court's interlocutory order. Freed Dec. ¶ 28 & Ex. 27 (attaching the California Court of Appeal Docket).

While enjoying the TRO from the California probate Court, Szanto filed two additional motions to enjoin foreclosure. First, Szanto filed a motion in the Ninth Circuit. Freed Dec. ¶ 29 & Ex. 28 (attaching *Szanto v. United States Trustee's Office*, Case No. 20-36086 (9th Cir.), Dkt. 13). Second, Szanto also sought relief (again) in the District of Oregon. Freed Dec. ¶ 20 & Ex. 19 (attaching *Szanto v. JP Morgan Chase Bank, NA*, Case No. 3:18-cv-939-SI (D. Or.), Dkt. 124). On June 10, 2022, at 11:14 AM, the Ninth Circuit denied Szanto's motion. Freed Dec. ¶ 13 & Ex. 12. Minutes later, the District of Oregon denied Szanto's motion. Freed Dec. ¶ 30 & Ex. 29 (attaching *Szanto v. JPMorgan Chase Bank, NA*, Case No. 3:18-

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

cv-939 (D. Or.), Dkt. 126).  Those denials left the foreclosure scheduled for June 13, 2022, free to proceed.

### F.    This Bankruptcy.

Within 90 minutes of receiving the Ninth Circuit's order denying his motion to enjoin the June 13 foreclosure, Szanto filed this bankruptcy.  Dkt. 1-2.  His bankruptcy petition contains false attestations and is incomplete on its face.  *See* Dkt. 1 (listing deficiencies).  Szanto filed his latest petition under the penalty of perjury, and in that petition, states both that he lives at 4484 Dulin Place in Oceanside, California, Dkt. 1-2 at 2, and that he has lived in this district longer than in any other district over the last 180 days, *id.*  These statements are either false, or Szanto has repeatedly lied to the Ninth Circuit and the District of Oregon in his efforts to avoid foreclosure.  In those proceedings, he has repeatedly sworn that he lives at 11 Shore Pine Drive in Newport Beach, California, and that if Chase is allowed to proceed with foreclosure, he will become instantly homeless.  *See* Freed Dec. ¶ 13 & Ex. 12 at 11 (on June 9, 2022 stating Szanto "resides" at his home in Newport Beach and that he "has no place to move were he to lose his home"); *id.* at 13 (claiming he will become "homeless" if foreclosure proceeds); Freed Dec. ¶ 20 & Ex. 19 (making identical representations).  These statements are irreconcilable, but unfortunately consistent with Szanto's repeated false statements under oath, his refusal to follow orders of the Oregon Bankruptcy Court, and his status as a vexatious litigant.

### III.   ARGUMENT

Chase requests two forms of relief: (a) relief from stay for cause under 11 U.S.C. § 362(d)(1); and (b) *in rem* relief under 11 U.S.C. §§ 362(d)(4).  The Court should grant both requests, for the reasons explained below.

9

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

**A.** **Szanto's Current Filing is in Bad Faith, Justifying Relief From Stay Under 11 U.S.C. § 362(d)(1).**

"The abusive filing of bankruptcy petitions, motions, and adversary proceedings for purposes other than as allowed by law diminishes the quality of and respect for the judicial system and laws of this country." *In re Singh*, 551 B.R. 54, 71 (Bankr. E.D. Cal. 2016). To address bad faith filings, the Court has the authority under 11 U.S.C. § 362(d)(1) to terminate the automatic bankruptcy stay "for cause," which includes circumstances where the debtor filed his petition in bad faith. *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) ("The debtor's lack of good faith in filing a bankruptcy petition provides cause for lifting the automatic stay under 11 U.S.C. § 362(d)(1)."). Good faith "depends on the circumstances presented. No one evidentiary fact can be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist." *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. B.A.P. 1983) (citation omitted).

> In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of reorganization provisions...[p]articularly when there is no possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.

*In re Mense*, 509 B.R. 269, 277 (Bankr. C.D. Cal. 2014) (citation omitted). "Ultimately, '[t]he test is whether the debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id.* The bad faith determination is within the Court's discretion. *Id.* Here, Szanto's purpose is plain—he filed this bankruptcy solely to "deter and harass" Chase and delay Chase's long-awaited foreclosure, and the Court should grant Chase relief for the following reasons:

10

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

**First**, Szanto has not made a payment *in years*. "[A] debtor's persistent failure to make payments, standing alone, may constitute adequate cause for relief from the stay." *In re Aguilar*, 2014 WL 6981285, *4 (9th Cir. B.A.P. 2014).

**Second**, the timing of this filing—within minutes of the District of Oregon denying Szanto's last gasp effort to stave off foreclosure—indicates bad faith. *Cf. In re Blas*, 614 B.R. 334, 342-43 (Bankr. D. Alaska 2019) (finding the timing of filing "further evidence an attempt to unreasonably deter and harass" a creditor where the debtor "filed this bankruptcy case the same day the Superior Court issued its order denying his request for injunctive relief").

**Third**, Szanto's petition is frivolous and false on its face. He does not live in Oceanside, California. Freed Dec. ¶ 12 & Ex. 12 at 11 (on June 9, 2022 stating Szanto "resides" at his home in Newport Beach and that he "has no place to move were he to lose his home"); *id.* at 13 (claiming he will become "homeless" if foreclosure proceeds). *Cf. In re Gilliam*, 2005 WL 6960202, *7-*8 (9th Cir. B.A.P. 2005) (affirming dismissal for bad faith filing where debtor "made false and misleading statements in his petition"). He does not identify any business that he actually conducts that could lead to successful re-organization, and his previous attempt to file under Chapter 11 led to conversion to Chapter 7. *Cf. In re Mense*, 509 B.R. at 277 (assessing bad faith "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities"); *see also id.* at 282 (finding debtor filed Chapter 11 in bad faith where "[h]is chapter 11 petition was not filed to preserve the status of an ongoing business or to protect the employees and creditors of a business"). If Szanto were at all serious about reorganizing, his District of Oregon Chapter 11 would not have been converted and would not remain pending *to this day*. In addition, as this Court has already recognized, Szanto's petition is incomplete. *See* Dkt. 1 (listing deficiencies in petition). *Cf. In re Rub*, 1990 WL 1239790, *1` (Banrk. D. N.D.

11

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**Davis Wright Tremaine** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

1    1990) (reciting grant of relief from stay for bad faith filing where bankruptcy was

2    filed "on the eve of a foreclosure trial" and the petition was "wholly incomplete and

3    lacking schedules"); *In re Gibson*, 355 B.R. 807, 812-13 (Bankr. E.D. Cal. 2006)

4    (terminating automatic stay for bad faith when petitioner filed new case prior to

5    discharge in pending Chapter 7 case).

6         *Fourth*, Szanto has repeatedly sought to attack Chase's rights—for ten

7    years—and his "repeated refusal to acknowledge the courts' rejection of his

8    arguments against…foreclosure evidences an intent to unreasonably deter and

9    harass [Chase], and is further proof of his bad faith in pursuing this case." *In re*

10    *Blas*, 614 B.R. at 343.  Szanto has been litigating—and losing—for a decade.  He

11    has filed false "settlements" with the courts attempting to cram down his debt, he

12    brought and appealed an unsuccessful adversary claim contending Chase had

13    compromised his debt, and he has now filed four bankruptcies in an attempt to

14    avoid his obligations.  Enough.

15        **B.**    **The Court Should Grant *In Rem* Relief Under**

16            **11 U.S.C. §§ 362(d)(4).**

17         11 U.S.C. §§ 362(d)(4) provides a remedy against debtors that "have resorted

18    to filing tactical, serial bankruptcy cases to prevent creditors from enforcing liens

19    against their property." *In re Alakozai*, 499 B.R. 698, 702 (9th Cir. BAP 2013).

20    Because Szanto's serial bankruptcy filings evidence a scheme to delay and hinder

21    Chase's foreclosure, the Court should grant *in rem* relief to prevent Szanto "from

22    filing another bankruptcy case to reimpose the stay and frustrate [Chase's]

23    enforcement efforts." *Id.* at 703.[4]

24

25

26    _____

27    [4] Regardless whether the Court grants Chase relief from the automatic stay on the
      present motion, Chase asks for *in rem* relief to prevent Szanto from obtaining an

28    automatic stay in connection with any future bankruptcy petitions.

12

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

Section 362(d)(4) "permits the bankruptcy court to grant so-called 'in rem' relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate foreclosure efforts through…multiple bankruptcy filings affecting the subject in rem property." *Alakozai*, 499 B.R. at 702.  That statute provides:

> On request from a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay…such as by terminating, annulling, modifying, or conditioning such stay…(4) with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was party of a scheme to delay, hinder, or defraud creditors that involved…(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4)(B).  A creditor seeking relief under this provision "must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings." *Alakozai*, 499 B.R. at 703.  "If proven, the bankruptcy court may enter an order authorizing the creditor relief from the stay that is 'binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court.'" *Id.* (quoting 11 U.S.C. § 362(d)(4)).  The Court should do so here, for the following reasons:

***First***, Chase is a "party in interest" due to its undisputed status as a creditor with a secured interest in the Property.

***Second***, Debtor has engaged in a ***ten-year-long*** scheme to delay and hinder Chase's efforts to foreclose on the Property.  A "scheme is an intentional construct. It does not happen by misadventure or chance." *In re Jimenez*, 613 B.R. 537, 545 (9th Cir. BAP 2020); *see also, e.g., In re Lee*, 497 B.R. at 920 ("a court may infer an intent to infer or delay from serial bankruptcy filings if the debtor sought repeated bankruptcy protection for the sole purpose of stopping foreclosure actions").  Debtor's foreclosure-delay scheme consists of the following:

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

(1)    Szanto filed his first bankruptcy in February 2013 in the Central District of California.  Freed Dec.  Freed Dec. ¶ 31 & Ex. 30 (attaching the docket for *In re Szanto*, Case No. 8:13-bk-11148-CB (Bankr. C.D. Cal.)).  In that case, Chase objected to Szanto's plan because it did not provide for any pre-petition arrears and because the plan did not clearly provide for Chase's secured claim. Freed Dec. ¶32 & Ex. 31 (attaching Chase's objection). The bankruptcy court dismissed that bankruptcy without a discharge.  *See* Freed Dec. ¶ 33 & Ex. 32 (attaching *In re Szanto*, Case No. 8:13-bk-11148-CB (Bankr. C.D. Cal.), Dkt. 87).

(2)    Debtor filed his second bankruptcy in June 2013 in the District of Nevada.  *See In re Szanto*, 2015 WL 6872473, *1 (D. Nev. 2015).  Shortly after filing that bankruptcy, Szanto filed a false "settlement"—without serving Chase— that purported to compromise his Loan.  *See id.* at *2.  The bankruptcy court ultimately set-aside the fake "settlement" and dismissed the bankruptcy because Szanto failed to obtain confirmation of a plan.  *Id.* at *3.  The district court and then the Ninth Circuit affirmed both orders.  *In re Szanto*, 703 Fed. App'x 581, 581-82 (9th Cir. 2017) (mem. op.).

(3)    Debtor filed his third bankruptcy in the District of Oregon in August 2016.  Freed Dec. ¶ 34 & Ex. 33 (attaching docket from *In re Szanto*, Case No. 16-33185-pcm7 (Bankr. D. Or.)).  The Court in that case converted Szanto's bankruptcy to a Chapter 7 due to both Szanto's false statements and his contemptuous refusal to follow the court's orders.  *See In re Szanto*, 2021 WL 1329435, *3-*5 & n.7 (9th Cir. B.A.P. 2021).  That court has denied Szanto discharge, *id.*, and the case remains pending.  That Court rejected Szanto's efforts to stymie foreclosure, denying his motion to "vacate" the notices recorded in the beginning of this year.  Freed Dec. ¶ 14 & Ex. 13 (Order denying Szanto's motion to void the recorded notice of default and notice of sale).

14

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

(4)    Debtor filed an adversary claim against Chase in September 2016, falsely claiming that Chase had previously "settled" his debt in conjunction with an agreement resolving litigation related to Szanto's ownership of Washington Mutual securities.  *See generally In re Szanto*, 2020 WL 6531913 (D. Or. 2020) (affirming the bankruptcy court's dismissal with prejudice of Szanto's adversary claims against Chase).  The district court affirmed the bankruptcy court's conclusion that the agreement Szanto contended reduced his debt to Chase "unambiguous[ly]" did not compromise his debt.  *See id.* at *6 ("Indeed, the settlement agreement states the opposite when it expressly carves out Szanto's residential loan…from the scope of the settlement agreement.").  Szanto appealed that ruling to the Ninth Circuit, but both the District Court and the Ninth Circuit have concluded Szanto is unlikely to prevail on the merits of his appeal.  Freed Dec. ¶ 13 & Ex. 12; Freed Dec. ¶ 30 & Ex. 29.  In related motions practice, both the Oregon District Court and the Ninth Circuit denied Szanto's motions to stay foreclosure.  *Id.*

(5)    In November 2021, Szanto filed a case against the Trustee—but not Chase—in the Central District of California, seeking to require the Trustee to expunge the recorded documents supporting foreclosure.  Freed Dec. ¶ 19 & Ex. 18.  In that case, Szanto candidly admitted "[t]his case was commenced to stop foreclosure of plaintiff's residence."  Freed Dec. ¶ 35 & Ex. 34 (attaching *Szanto v. Quality Loan Serv.*, C.D. Cal. No. 8:21-cv-01948-JLS-DFM, Dkt. 20) at 1.[5]

(6)    In February 2022, Szanto sought *and received* a months-long TRO (without any notice to Chase) in a California probate court proceeding relating to his late wife's estate, based on a false representation that he had a pending

_____

[5] Szanto's candor to the Central District of California ended there, as his filing falsely stated that his debt arose from the illness and death of his late wife, and also that he was engaged in "meaningful talks" with Chase.  Freed Dec. ¶ 37 & Ex. 36 at 1.  Those statements are false.

15

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
**DAVIS WRIGHT TREMAINE** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

application for loan modification.  Chase submits Szanto filed in that proceeding because his status as a vexatious litigant in California courts prevented him from filing a separate Complaint, and also because that court allowed him to proceed against the trustee only—without notice to Chase.  The probate court recently recognized that its TRO has been dissolved.  Freed Dec. ¶ 7 & Ex. 6.  While Szanto has taken a frivolous appeal of a non-final order of the California probate court (and filed a motion seeking to stay foreclosure in the appeal), the California Court of Appeal has recognized the appeal is frivolous and stayed the appeal.  Freed Dec. ¶ 9 & Ex. 8.

(7)     Szanto filed this case—his fourth bankruptcy—less than ***two hours*** after the Ninth Circuit denied his "emergency" request to stay the scheduled June 13 foreclosure, and ***minutes*** after the District of Oregon denied a similar request.  The petition is facially incomplete and contains false attestations, as discussed above.  His recent ex parte filing seeking a declaration that the automatic stay remains in place, Dkt. 14, confirms that he filed this bankruptcy solely to obtain the automatic stay and frustrate foreclosure.[6]

The Court need not speculate that Szanto has used the courts as part of a "scheme" to delay foreclosure.  Each of Szanto's bankruptcies has been closed, dismissed, or converted due to his failure to follow Bankruptcy Code requirements or court orders, or his intentional false statements.  He has been in an uncured state of default for thirteen years.

***Third***, as explained above, the scheme involves "multiple bankruptcy filings" affecting the Property—four in total.  Szanto's scheme also involves an Adversary Complaint, civil litigation against the trustee, and unrelated probate litigation.  This is a sufficient number of bankruptcy filings to warrant ***in rem*** relief, especially

_____

[6] A ruling granting Chase's requested relief would moot consideration of Szanto's motion for a declaration.

16

22-bk-01558-CL11
**Davis Wright Tremaine** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

where, as here, the latest bankruptcy is designed solely to acquire the automatic stay. *See, e.g.*, *In re O'Farrill*, 569 B.R. 586, 592 (Bankr. S.D.N.Y. 2017) (granting *in rem* relief where debtor had not paid mortgage in over six years, and had filed two prior bankruptcy petitions, which were dismissed for failure to follow Bankruptcy Code requirements); *Alakozai*, 499 B.R. at 701 (*in rem* order issued in fourth bankruptcy case); *In re 5th Street Parking LLC*, 2020 WL 424576, *5 (Bankr. S.D.N.Y. 2020) ("When debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy process."); *Aniel v. HSBC Bank USA, NA*, 633 B.R. 368, 384 (N.D. Cal. 2021) (affirming termination of stay for bad faith filing where debtor lacked any reasonable path to reorganization and had not made a payment in twelve years).

Based on Debtor's ongoing scheme to misuse the bankruptcy system to thwart foreclosure, the Court should grant *in rem* relief under Section 362(d)(4).

17

22-bk-01558-CL11
**Davis Wright Tremaine** LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

## IV.    CONCLUSION

For the reasons stated above, the Court should (a) issue an order terminating the automatic stay for cause under 11 U.S.C. § 362(d)(1); and (b) award *in rem* relief under 11 U.S.C. § 362(d)(4).

DATED this 21st day of June, 2022.

DAVIS WRIGHT TREMAINE LLP


By s/ John D. Freed
   Mary H. Haas (CA SBN 149770)
   maryhaas@dwt.com
   John D. Freed (CA SBN 261518)
   jakefreed@dwt.com
   Telephone:  (415) 276-6500
   Facsimile:  (415) 276-6599

   Frederick B. Burnside (CA SBN 211089)
   fredburnside@dwt.com
   Telephone: (206) 757-8016
   Facsimile: (206) 757-7016

   Attorneys for JPMorgan Chase Bank, N.A.

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599

# CERTIFICATE OF SERVICE

I certify that on the date shown below, I electronically filed the foregoing **JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO.'S MOTION FOR COMFORT ORDER UNDER 11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER 11 U.S.C. §§ 362(d)(4)** with the Clerk of the Court using the CM/ECF system with service as follows:

**BY U.S. MAIL**

Peter Szanto
4484 Dulin Place
Oceanside, CA  92057

Plaintiff Pro Se

**ECF FILING**

Corina R. Pandeli
DOJ-UST
880 Front St., Ste. 3230
San Diego, CA  92101

Attorney for United States Trustee

DATED:  June 21, 2022.

_____
John D. Freed
John D. Freed (CA SBN 261518)
Attorneys for JPMorgan Chase Bank, N.A

MEMO ISO MOTION FOR COMFORT ORDER UNDER
11 U.S.C. § 362(j) AND FOR *IN REM* RELIEF UNDER
11 U.S.C. §§ 362(d)(4) & 105(a)
4857-1739-0885v.4 0036234-000721

22-bk-01558-CL11
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CA 94111-6533
(415) 276-6500
Fax: (415) 276-6599